# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

MIZELL GEDDIS,                               :
                                             :
    Petitioner,                              :
                                             :
v.                                           :   Case No. 1:92-CR-17-1 (WLS)
                                             :
UNITED STATES OF AMERICA,                    :
                                             :
    Respondent.                              :
                                             :

## ORDER

Presently pending before the Court are Petitioner Mizell Geddis's Motion to Challenge the Sufficiency of the Indictment (Doc. 182) and Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) (Doc. 188). In the Motion to Challenge the Sufficiency of the Indictment, brought pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), Petitioner sets forth numerous grounds in support of his request for a new sentence. (*See generally* Doc. 182). In the Motion for Reduction of Sentence, Petitioner requests a reduction in sentence based on the holding in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). For the following reasons, Petitioner's Motion to Challenge the Sufficiency of the Indictment (Doc. 182) and Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) (Doc. 188) are **DENIED**.

## PROCEDURAL HISTORY

In 1992, Petitioner was indicted in a twenty count superseding indictment that included counts of conspiracy, drug distribution, and money laundering. (Doc. 53). In 1993, a jury convicted Petitioner of nineteen counts charged in the indictment which

included conspiracy, drug distribution, money laundering, and forfeiture of assets.[1] (Doc. 81).  Petitioner was sentenced on May 27, 1993, to 300 months of imprisonment. (Doc. 91; Doc. 103).  Petitioner appealed his case to the Eleventh Circuit and judgment was affirmed by the Eleventh Circuit on January 19, 1995.  (Doc. 104).  The Eleventh Circuit issued its mandate on February 23, 1995.  (*Id.*)

On March 12, 1997, Petitioner filed a Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 105), which was denied by the Court on May 5, 1997 (Doc. 106).  Both the District Court and the Eleventh Circuit declined to issue a certificate of appealability.  (Docs. 110, 111).  Petitioner then filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) that was also denied.  (Docs. 112, 113).  Petitioner's appeal to the Eleventh Circuit was dismissed for failure to show good cause or excusable neglect on September 7, 2001.  (Doc. 121).

On May 17, 2002, Petitioner filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2).  (Doc. 122).  On July 11, 2003, the Court denied Petitioner's Motion for Reduction of Sentence.  (Doc. 136).  The Eleventh Circuit dismissed Petitioner's appeal of the denial of his § 3582(c)(2) motion for want of prosecution.  (Doc. 140). Petitioner filed another § 3582(c)(2) motion on September 1, 2005, this time seeking a six-level reduction in sentence.  (Doc. 141).  On January 30, 2006, the Eleventh Circuit denied Petitioner's Application to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  (Doc. 142).  On March 24, 2008, Petitioner filed a third Motion for Reduction of Sentence based on the retroactive application of sentencing guidelines to crack cocaine offenses.  (Doc. 143).  The Court denied Petitioner's Motion for Reduction of Sentence, citing the fact that Petitioner's

---

[1] The jury found Petitioner not guilty of Count Three, which was a money laundering count.

original sentence was calculated on cocaine hydrochloride, thus rendering the retroactive crack amendment inapplicable. (Doc. 144). Petitioner moved the Court to reconsider its denial of his § 3582(c)(2) Motion (Doc. 146) and, on November 24, 2008, also filed another Motion for Reduction of Sentence (Doc. 152). On July 22, 2010, the Court denied Petitioner's Motion for Reduction of Sentence (Doc. 152) and denied as moot Petitioner's Motion for Reconsideration (Doc. 146). (Doc. 166). Petitioner appealed and the Eleventh Circuit affirmed the District Court's denial of Petitioner's § 3582(c)(2) Motion. (Doc. 180).

On December 2, 2011, proceeding *pro se*, Petitioner filed the instant Motion to Challenge the Sufficiency of the Indictment (Doc. 182) and Motion for Modification of an Imposed Term of Imprisonment Pursuant to Rule 18 U.S.C. § 3582(c)(2) (Doc. 183). The Government initially did not file a response to either motion. (*See* Docket). On August 8, 2012, the Court directed the Government to file responses to both motions. (Doc. 186). The Government filed its responses on August 21, 2012. (Docs. 187, 188). On September 7, 2012, Petitioner moved to strike the Government's responses as being time barred. (Doc. 189). The Government responded to Petitioner's Motion to Strike on October 2, 2012. (Doc. 190). The briefing for all motions is complete and the Court finds that the motions are ripe for review.

### A. Motion to Strike

In his Motion to Strike (Doc. 189), Petitioner requests that the Court strike the Government's responses in opposition to his Motion to Challenge the Sufficiency of the Indictment and Motion for Reduction of Sentence Under 18 U.S.C. 3582(c)(2). In response, the Government argues that, despite how styled, Petitioner's motions represent successive § 2255 motions to which a response is only required at the

direction of the Court. (Doc. 190 at 4). Citing Rule 5 of the "Rules Governing Section 2254 and 2255 Cases in the United States District Courts," the Government notes a "respondent is not required to answer the petition unless a judge so orders." (*Id.*) Thus, the Government contends that its responses are timely since its responses were filed within the time prescribed by the Court's August 8, 2012 Order (Doc. 186). (*Id.* at 4-5).

As discussed more fully below, this Court agrees that Petitioner's motions, no matter how "packaged," represent unauthorized, successive § 2255 motions. Therefore, pursuant to Rule 5, the Government was not required to respond in the absence of a directive from the Court. On August 8, 2012, the Court directed the Government to file responses to Petitioner's motions not later than August 29, 2012. (Doc. 186). The Government filed its response briefs on August 21, 2012, well within the required deadline. Therefore, the Government's responses are not time barred. Accordingly, Petitioner's Motion to Strike is **DENIED**.

### B. Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2)

In his motion for a reduction of his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2), Petitioner contends that two criminal history points were erroneously added to his Presentencing Investigation Report, which resulted in him having a higher criminal history category than should have been otherwise attributed to him. Predicating his arguments on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), Petitioner argues that, for the criminal history points to take effect, the prior conviction has to be punishable by more than a year. (Doc. 183 at 3).

Section 3582(c)(2) allows a district court to modify a Petitioner's term of imprisonment where he "has been sentenced to a term of imprisonment based on a

4

sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *United States v. Barker*, 324 F. App'x 766, 768 (11th Cir. 2009). Petitioner does not contend that any subsequently amended guideline range is applicable to the case at bar. Rather, he claims that his criminal history was improperly calculated in light of the Supreme Court's holding in *Carachuri-Rosendo*. Section 3582(c)(2) does not provide for a modification on this basis. Therefore, § 3582(c)(2) provides no relief to Petitioner.

Additionally, the Court also notes that, although styled as a § 3582(c)(2) motion, Petitioner's motion is actually a successive § 2255 motion to collaterally attack his sentence. The Court does not, however, have authority to consider Petitioner's motion, to the extent it is a § 2255 motion. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a § 2255 movant seek permission from the appellate court before bringing a second or successive § 2255 motion. 28 U.S.C. § 2255(h); *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002) ("To file a second or successive motion, the petitioner must obtain the permission of the court of appeals.") On March 12, 1997, Petitioner filed a Motion to Vacate Under 28 U.S.C. § 2255. (Doc. 105). This motion was denied by the Court on May 5, 1997. (Doc. 106). Both the District Court and the Eleventh Circuit declined to issue a certificate of appealability. (Docs. 110, 111). On January 30, 2006, the Eleventh Circuit denied Petitioner's Application to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 142). Prior to filing the instant motion, Petitioner did not obtain leave to file a second or successive motion as required by 28 U.S.C. § 2255(h). (*See* Docket). Petitioner may not style his motion as a § 3582(c)(2) motion in order to avoid the dictates of the AEDPA. Therefore, this Court does not have jurisdiction to consider his

motion. *See United States v. Holt*, 417 F.3d 1172 (11th Cir. 2005) (holding that, without the Eleventh Circuit's permission, a district court does not have jurisdiction to entertain a successive § 2255 motion).

Finally, even if the Court retained jurisdiction to consider the merits of Petitioner's motion, Petitioner's reliance on *Carachuri-Rosendo* and *Simmons* to attack his sentence is misplaced. *Carachuri-Rosendo* does not apply retroactively to cases on collateral review, *see Fields v. Warden, FCC Coleman-USP 1*, No. 11-14997, 012 WL 2924020, at *2 (11th Cir. July 19, 2012) ("[Petitioner] has not shown that . . . *Carachuri-Rosendo* [is] retroactive."); *United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012) ("Because the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment . . . [i]t is, therefore, not retroactively applicable to cases on collateral review."), and *Simmons* is not a Supreme Court decision, so it too would not operate to modify Petitioner's sentence. Therefore, notwithstanding the fact that Petitioner has failed to obtain the proper authorization for filing a successive petition, thereby rendering the Court without any authority to consider his motion, Petitioner's arguments are without merit. Accordingly, Petitioner's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) (Doc. 183) is **DENIED**.

### C. Motion to Challenge the Sufficiency of the Indictment

Petitioner also brings a Motion to Challenge the Sufficiency of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). (Doc. 182). Therein, Petitioner challenges his conviction and sentence on three grounds: 1) defect in the indictment; 2) admission of alleged inadmissible hearsay in violation of his Fifth and

Sixth Amendment rights and 3) ineffective assistance of counsel for his counsel's failure to challenge the aforementioned issues.

Pursuant to Rule 12(b)(3)(B), Petitioner alleges that the indictment under which he was convicted was defective because he was sentenced based on powder cocaine, though the indictment did not charge him with possession of powder cocaine. (Doc. 182 at 4). Petitioner also argues that his counsel was ineffective for failing to move for a new trial after realizing the defect in the indictment and for failing to object to the admission of "erroneous hearsay testimony that testified to facts that were not charged in the indictment." (Doc. 182 at 6). Though Petitioner was sentenced in 1993, Petitioner contends that, under Rule 12(b)(3), an indictment not charging an offense constitutes a jursidctional defect which may be challenged at any time. (*Id.* at 1).

In response, the Government contends that Petitioner's conviction and sentence have previously been reviewed and affirmed on appeal and collateral review. (Doc. 187 at 3-4). Thus, the Government argues that the Court lacks jurisdiction to consider Petitioner's claims under a sufficiency of the indictment. (*Id.* at 4). According to the Government, Rule 12(b)(3)(B) motions must be made before trial and failure to do so waives any alleged defects. (*Id.*) The Government further notes that the only exception to this waiver rule is for claims that the indictment fails to invoke the Court's jurisdiction or state an offense. (*Id.*) A motion on either of these grounds may be made any time while the case is "pending." Fed. R. Crim. P. 12(b)(3)(B). However, the Government points out that a case is no longer "pending" for the purposes of Rule 12(b)(3)(B) once a mandate has been issued in the direct appeal, and thereafter, the Court lacks subject matter jurisdiction to hear a Petitioner's Rule 12(b)(3)(B) motion.

The Court agrees with the Government's position. The Rule 12(b)(3)(B) exception only applies when a case is still "pending." A case is no longer "pending" once the mandate has been issued in the direct appeal. *United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013) (making clear that the "line" for determining when a case is no longer pending is "at the issuance of the mandate") (citing *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009). The Eleventh Circuit issued its mandate on February 23, 1995. Therefore, this case is no longer pending, and the Court lacks jurisdiction to consider any arguments related to the sufficiency of the indictment under Rule 12(b)(3)(B).

As for Petitioner's ineffective-assistance-of-counsel claim, the Court agrees with the Government that the portion of Petitioner's motion raising this claim for relief is more properly construed as a successive § 2255 motion. *Cummings v. United States*, 202 F. App'x 374, 376 (11th Cir. 2006) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). As noted previously, however, the Court lacks jurisdiction to entertain a successive § 2255 motion. Accordingly, Petitioner's Motion to Challenge the Sufficiency of the Indictment is **DENIED**.

Finally, because the Court construed portions of Petitioner's motions as successive § 2255 motions, to the extent Petitioner seeks to appeal this Order, the Court further **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte*

denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 13th day of May, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**